UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **FREDERICK VEREEN** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO: 10-2915** |
| **BURL CAIN, WARDEN** | * | **SECTION: "S"(6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to Title 28, United States Code, Sections 636(b)(1)(B) and (C), and, as applicable, Rule 8(b) of the Rules Governing Section 2254 cases.  Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing.  For the following reasons, it is hereby recommended that the instant petition be **DISMISSED WITH PREJUDICE** as untimely.

Petitioner, Frederick Vereen, is a state prisoner incarcerated in the Louisiana State Penitentiary, Angola, Louisiana, where he is serving a life sentence,

having been convicted of second-degree murder, in violation of La. R.S. 14:30.1.[1] Petitioner's federal claims are that: (1) ineffective assistance of trial and appellate counsel; (2) counsel had a conflict of interest; (3) denial of his right to cross-examine and confront witnesses; and, (4) the prosecution improperly introduced evidence of other crimes.[2] The state filed a response to the habeas petition, urging this Court to time bar the federal petition.[3]

For the following reasons, the court agrees with the State that Vereen's federal habeas petition is time barred from federal review.

## Procedural History

On May 7, 1998, petitioner Frederick Vereen and his co-defendant Keith M. Guss were charged by grand jury indictment with one count of second-degree murder of Nathaniel Clark, and two counts of attempted first degree murder of a police officer. (A third co-defendant, Carey Bolden, later plead guilty to amended charges.) Vereen elected trial by jury and Guss elected trial by judge. On December

---

[1] See State Record, Vol. 2, minute entry dated December 8, 1998. Also see Docket Master entries dated December 8 and 14, 1998. Petitioner Vereen was tried along with co-defendant Keith Guss.

[2] Federal Rec., Doc. No. 1, Petition, pages 6-11.

[3] Federal Rec., Doc. No. 11.

8, 1998, the jury found Vereen guilty as charged of second-degree murder and not guilty of the attempted murder charges.[4] On December 14, 1998, Vereen was sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.[5]

Petitioner Vereen and Guss jointly appealed their convictions to the Court of Appeal of Louisiana, Fourth Circuit which found no error in petitioner's assignments of error and affirmed petitioner's conviction and sentence on December 6, 2000.[6] Vereen did not apply for rehearing nor did he seek review in the Louisiana Supreme Court. Thus under the provisions of La. C.R. P. art 922, petitioner's conviction and sentence became final 14 days later, December 20, 2000, when the delay for applying for rehearing expired.[7] Prior to direct appeal, Attorney Robert

---

[4] See State Record, Vol. 2, page 155, minute entry dated Dec. 8, 1998, for verdict. **State of Louisiana v. Keith Guss and Frederick Vereen,** Orleans Parish District Court, No. 397-821 "K"; also see Docket Master entry dated Dec. 8, 1998, page 135.

[5] See State Record, Vol. 2, Docket Master entry dated Dec. 14, 1998, page 135.

[6] **State v. Keith M. Guss and Frederick Vereen,** 775 So.2d 622 (La. App. 4 Cir. 2000). The issues raised by Vereen were: (1) trial court erred in failing to conduct a hearing and rule on the motion for new trial; (2) insufficient evidence; (3) trial court erred in allowing the state to impeach character witness with other arrests evidence; and, (4) the trial court improperly admitted a video-taped into evidence.

[7] La.C.Cr.P. art. 922 provides, in pertinent part, as follows:
    A. Within fourteen days of rendition of the judgment of the supreme court or any appellate court, ... a party may apply to the appropriate court for a rehearing....
    B. A judgment rendered by the supreme court or other appellate court becomes

Jenkins filed a motion for a new trial on behalf of petitioner on May 26, 1999, which was set for hearing on June 11, 1999.[8] The motion was continued for various reasons, about ten times between June 11, 1999 and February 11, 2000.[9] The district court denied the motion for a new trial on February 25, 2000.[10]

      Review of the state court record indicates that petitioner and Attorney Jenkins appeared before the district court on May 4, 2001, for post-conviction relief (PCR).[11] On May 17, 2001, the record indicates that petitioner appeared before the court and filed for PCR.[12] After a thorough search of the state court record, this Court was unable to find a copy of any application for PCR dated May 17, 2001. However, further review determined that an application for PCR was filed on October 15, 2002,

---

    final when the delay for applying for a rehearing has expired and no application therefore has been made.

[8]See State Record, Vol. 2, Docket Master entry dated May 26, 1999, page 136.

[9]See State Record, Vol. 2, Docket Master entries dated between June 11, 1999 and Feb. 11, 2000, pages 136-137.

[10]See State Record, Vol. 2, page 137, Docket Master entry dated Feb. 25, 2000.  Also see State Record, Vol. 2, transcript of hearing on motion for new trial, pages 53-57.

[11]See State Record, Vol. 2, Docket Master, page 137.

[12]**Ibid.**

4

and signed by Attorney Jenkins.[13] The state prosecutor reported that "it was conceded that a PCR application had never been filed" until October 15, 2002.[14] However, petitioner claims that he filed the application for PCR on May 17, 2001.[15]

On May 2, 2003, the state district court granted the PCR.[16] The state filed writs to the Louisiana Court of Appeal, Fourth Circuit which reversed the district court's decision on November 10, 2003.[17] Petitioner did not seek review in the Louisiana Supreme Court.

On June 30, 2005, petitioner filed a second application for PCR.[18] The state filed its objection.[19] On June 26, 2008, the district court overruled the objections and ordered that petitioner's claims be considered on the merits.[20] The State filed for

---

[13] See State Record, Vol. 2, pages 35-42 for a copy of the PCR. Also see Docket Master entry dated October 15, 2002.

[14] See State Record, Vol. 3, State's Motion and Incorporated Memorandum for Dismissal of Application for Post-Conviction Relief, page 44.

[15] See Fed. Record, Petition page 4, paragraph #11 and subparts (a).

[16] See State Record, Vol. 2, Docket Master entry May 2, 2003, page 140.

[17] See State Record, Vol. 2, for a copy of the ruling. **State v. Verren,** No. 2003-K-1558. Verren has also been spelled as Vereen in the State Record.

[18] See State Record, Vol. 3 for copy of PCR.

[19] **Ibid**, for copy of State's Response.

[20] **Ibid**, Minute Entry dated June 26, 2008. Attorney Jenkins appeared with petitioner.

supervisory writs in the Louisiana Court of Appeal, Fourth Circuit, which reversed the district court on December 8, 2008.[21]  The appellate court thoroughly reviewed the procedural history and applicable law as follows, in pertinent part:

> The State argues that the trial court erred by overruling its procedural objections to the present application because some of the claims were raised in the earlier application, and the new claims are time-barred by La. C.Cr.P. art. 930.8.  A review of the various documents provided by the State indicates that its application has merit.

See **State v. Verren,** No. 2008-K-0956, page 1.

After setting forth the provisions of La C.Cr.P. art. 930.8, the appellate court reviewed the procedural history regarding this case, in pertinent part:

> This Court affirmed the defendant's conviction and sentence on December 6, 2000.  There is no indication that he sought writs in the Supreme Court.  Thus, the defendant had until December 2002 in which to file his application for post conviction relief unless any of his claims fell under the exceptions set forth in art. 930.8.  The defendant filed his original application in May 2001, and counsel filed one in October 2002. Both of these applications were timely filed, but the trial court granted relief on only one issue, that counsel was ineffective because he should have done more to find defense witnesses. This Court disagreed, noting that counsel had tried to contact witnesses at the addresses given to him by the defendant's family, and that the

---

[21]**State v. Verren**, No. 2008-K-0956 (La. App. 4 Cir. 12/08/2008).  A copy of the ruling is contained in the State Record, Vol. 3.

> defendant had not identified the witnesses or their anticipated testimony.
>
> It was not until June 30, 2005, over one and a half years after this Court's ruling in writ 2003-K-1558, that Verren filed his pro se application for post conviction relief, the application presently before the trial court. On its face, the application is untimely under art. 930.8 as it was filed four and a half years after his conviction became final. The claims raised in this application do not fit within the exceptions to the time limitations set forth in art. 930.8. In his present application, the defendant alleges that appellate counsel was ineffective for failing to file motions for post verdict judgment of acquittal, for new trial before sentencing and to stay the appeal, as well as counsel's failure to file an application for post conviction relief based upon a claim of the denial of his right to confrontation with respect to an eyewitness and a claim of ineffective assistance of trial counsel based on two grounds: (1) counsel's failure to file a motion to sever trials because there was "conflict of interest" when he was tried by a jury while his co-defendant was simultaneously tried by the court; and (2) counsel's "misstep to introduce character evidence which resulted in other crime evidence." However, these claims do not fall within the exceptions listed in art. 930.8. The grounds for these claims were known to the defendant at or shortly after the time of trial, or at the very latest in October 2002 when counsel filed the application for post conviction relief which did not contain most of these claims.

(See **State v. Verren,** No. 2008-K-0956, pages 2 and 3.)

7

After considering Verren's counsel's argument regarding the non-applicability of art. 930.8's limitations to pro se filings, the appellate court concluded as follows, in pertinent part:

> At the June 2008 hearing counsel appeared to argue that the strict time limitations of art. 930.8 do not apply to pro se filings, referencing an unnamed federal court case from 1993. However, art. 930.8 does not provide for a "pro se" exception to its time limitations, and this court has routinely held pro se applicants to the time limitations in art. 930.8. In **State ex rel. Brown v. State**, 2003-2568 (La. 3/26/04), 870 So.2d 976, the Court found that the pro se defendant was not entitle to various transcripts in part because his claims as to them were barred by the time limitation of art. 930.8. Thus, despite counsel's vague assertions at the June 2008 hearing, the defendant's 2005 pro se application for post conviction relief was subject to the time limitation of art. 930.8, and he made no showing that his present claims fell within the exceptions to the two-year prescriptive period. Thus, his 2005 application was untimely, and the trial court erred by overruling the State's procedural objection to it based upon the fact that it was not filed timely. In addition, the claim concerning the impeachment testimony is repetitive and thus barred by La. C.Cr.P. art. 930.4.
>
> Accordingly, we reverse the ruling of the trial court.

(See **State v. Verren,** No. 2008-K-0956, pages 3 and 4.)

Petitioner filed supervisory and/or remedial writs in the Louisiana Supreme Court on April 6, 2009, which were denied on February 12, 2010.[22]

Petitioner signed and thus filed his federal application for habeas corpus relief on August 17, 2010.[23]

## Analysis

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his habeas corpus claims pursuant to Title 28, United State Code, Section 2254, with this one year period commending to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of his time for seeking review.[24]  *See* Title 28, United

---

[22]**State ex rel. Verren v. State**, 2009-KH-0913 (La. 2/12/10). See State Record, Vol. 3 for a copy of the ruling. The court wrote: Denied. La. C.Cr.P. art. 930.8; **State ex rel. Glover v. State**, 93-2330 (La. 9/5/95), 660 So.2d 1189.

[23]Under the prison mailbox rule applied by the U.S. Fifth Circuit Court of Appeals, Vereen's *pro se* petition would be deemed filed as of the date he placed it in the prison mail system. **Hernandez v. Thaler,** 630 F.3d 420 (5th Cir. 2011), citing **Stoot v. Cain,** 570 F.3d 669, 671 (5th Cir. 2009)(per curiam). Generally, the date a prisoner signs his petition is presumed to be the date he delivered it to prison officials for mailing. *See* **Colarte v. LeBlanc**, 40 F.Supp.2d 816, 817 (E.D. La. 1999) (assumed that petitioner turned his habeas corpus application over to prison officials for delivery to this Court on the date he signed his application); **Magee v. Cain**, 2000 WL 1023423, *4 n.2 (E.D. La. 2000) (inferred that filing date and signature date of habeas petition were the same); **Punch v. State**, 1999 WL 56279, *2 n.3 (E.D. La. 1999) (may reasonably be inferred that prisoner delivered habeas petition to prison officials for mailing on date he signed petition).

[24]The AEDPA applies to this case as it was filed after the enactment of the AEDPA, or after April 24, 1996. **Lindh v. Murphy**, 521 U.S. 320, 117 S.Ct. 2059, 2060, 138 L.Ed.2d 481

States Code, Section 2244(d)(1)(West 2011), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220. In this case, petitioner's judgment became final on December 20, 2000, when the 14-day deadline for seeking rehearing expired, and his time for seeking review ended January 5, 2001, when his 30-day time limit for seeking relief from the Louisiana Supreme Court expired.[25] Therefore, petitioner's conviction became final pursuant to the provisions of the AEDPA on January 5, 2001. Thus, petitioner had one year from January 5, 2001, or until January 5, 2002, to timely file for federal habeas corpus relief.

Petitioner did not file the subject action until August 17, 2010, over eight years and seven months after his limitation period expired. Thus, his challenge to his conviction must be dismissed unless the one-year statute of limitations period was interrupted as set forth in Title 28, United States Code, Section 2244(d)(2). Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or

---

(1997).

[25]La. Supreme Court Rule X, Section 5(a) provides, in pertinent part:
    An application seeking to review a judgment of the court of appeal either after an appeal to that court, or after that court has granted relief on an application for supervisory writs ... or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal....

claim is pending shall not be counted toward any period of limitation under this subsection."

As the previously mentioned procedural history indicates, Vereen claims he filed his first state post-conviction application on May 17, 2001. The State argues that his application for post-conviction relief (PCR) was not filed until October 15, 2002. Giving petitioner the benefit of the earlier date, however, a total of **131** days lapsed between January 5, 2001 (finality of conviction) and the May 17, 2001 PCR filing. The applications for PCR were then pending through November 10, 2003, when the Louisiana Court of Appeal, Fourth Circuit reversed the district court's ruling granting relief. At that point, petitioner had 30 days (until December 10, 2003) to seek writs or review in the Louisiana Supreme Court but failed to do so. Review of the record also shows that there was no properly filed application for state PCR or other collateral review with respect to the pertinent judgment on claim pending between December 10, 2003 and June 30, 2005, the date petitioner filed another application for PCR. Thus the statute of limitations commenced running on December 10, 2003, and an additional **566** days of time expired before the June 30, 2005 application was filed. By then, petitioner's one year (365 days) federal limitation

period had been exceeded by **332** days.[26] Therefore, unless equitable tolling is available, his federal petition must be denied as time barred.

Equitable tolling is justified only in "'rare and exceptional circumstances.'" **Fisher v. Johnson**, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164, 121 S.Ct. 1124, 148 L.Ed.2d 991, *quoting* **Davis v. Johnson**, 158 F.3d 806 (5th Cir 1998), cert. denied, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999). It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." **Coleman v. Johnson**, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), *citing* **Rashidi v. American President Lines**, 96 F.3d 124, 128 (5th Cir. 1996). The evidence must show that the applicant, though deterred by matters outside his or her control, was nevertheless diligent in his or her pursuit of § 2254 relief. **Coleman**, 184 F.3d at 403.

In the instant matter, petitioner provides no basis warranting the application of equitable tolling nor has this court's review of the record uncovered any basis for equitably tolling petitioner's prescriptive period. Accordingly;

---

[26](131 days + 566 = 697 days lapsed). The federal limitations period actually expired on July 31, 2004 but since that date was a Saturday, petitioner would have been given until Monday, August 2, 2004 to file the federal petition.

## RECOMMENDATION

For the foregoing reasons, it is hereby recommended that the application for federal habeas corpus relief filed by petitioner, Frederick Vereen, should be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Title 28, United States Code, Section 636(b)(1); **Douglass v. United Services Auto. Ass'n,** 79 F.3d 1415, 1430 (5th Cir. 1996)(*en banc*).[27]

New Orleans, Louisiana, this __31st__ day of _____August_____, 2011.

_____
LOUIS MOORE, JR.
United States Magistrate Judge

---

[27]**Douglass** referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, Title 28, United States Code, Section 636(b)(1) was amended to extend that period to fourteen days.